The Full Commission has reviewed the prior Decision and Order based upon the record of the proceedings before Deputy Commissioner Phillip A. Holmes, plaintiff's assignments of error and defendant's brief to the Full Commission. By Order pursuant to Industrial Commission Rule 701(8), oral arguments were waived in this matter. The appealing party has not shown good ground to receive further evidence or to amend the holding of the prior Decision and Order. Accordingly, the Full Commission affirms and adopts the Deputy Commissioner's opinion and enters the following Decision and Order.
 ***********
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
 FINDINGS OF FACT
1. All parties are properly before the Industrial Commission, and the Industrial Commission has jurisdiction over the parties and the subject matter.
2. All parties have been correctly designated, and there is no question as to misjoinder or nonjoinder of parties.
3. This action was filed with the Commission pursuant to the provisions of the North Carolina Tort Claims Act, N.C.G.S. §143-291 et seq., against the North Carolina Department of Correction, which is a department of the State of North Carolina. Plaintiff, in essence, alleged that on 10 August 1996, while incarcerated at MCI, handcuffs were improperly placed on his person in such manner as to cause him injury to his wrists.
4. Defendant filed an answer with the Commission denying all allegations of negligence.
5. Plaintiff was an inmate of the North Carolina Department of Correction assigned to Marion Correctional Institution on 10 August 1996.
6. The incidents giving rise to this claim occurred on 10 August 1996 at Marion Correctional Institution.
7. At each instance wherein Correctional Officer Donald Grindstaff placed mechanical restraints on plaintiff, he did so in a proper manner, ensuring that the restraints were adjusted properly and double locked.
8. Plaintiff did not suffer any injury resulting from the application of the mechanical restraints upon his person by defendant's employees on 10 August 1996.
9. The use of mechanical restraints on plaintiff on 10 August 1996 was reasonable and necessary.
 ***********
Based upon the foregoing findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Recovery against a State agency must be based upon actionable negligence on the part of its employee while acting in the scope of his employment. G.S. § 143-291 et seq.
2. The defendant, North Carolina Department of Correction, and its employee's named in the plaintiff's affidavit were not negligent in the discharge of their duties regarding all events pertinent to plaintiff's claims. G.S. § 143-291 etseq. Additionally, plaintiff did not suffer any injury as the result of the alleged negligence of the Department of Correction or its employees. Id. There being no actionable negligence, there can be no recovery by plaintiff.Id.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
 ORDER
1. Under the law, plaintiff's claim must be, and the same is, DENIED.
2. Each side shall bear its own costs.
 S/_____________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
S/_____________ J. HOWARD BUNN, JR CHAIRMAN
S/_____________ LAURA K. MAVRETIC COMMISSIONER